IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **TD BANK, N.A** <br> 2035 Limestone Road <br> Wilmington, Delaware 19808, <br><br> *Plaintiff*, <br><br> v. <br><br> **THE CADATA CORPORATION** <br> 2321 Gold Mine Road <br> Brookeville, Maryland 20833 <br><br> *Also Serve on Resident Agent*: <br> Melinda Duong, CPA <br> 16410 Archway Court <br> Bowie, Maryland 20716 <br><br> and <br><br> **THAI VAN NGUYEN** <br> 2321 Gold Mine Road <br> Brookeville, Maryland 20833 <br><br> *Defendants*. | * <br> * <br> * <br> * <br> * <br> * Civil Action No.: <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT FOR ENTRY OF JUDGMENT BY CONFESSION**

Plaintiff, TD Bank, N.A. ("***TD Bank***"), by its undersigned attorneys and pursuant to Local Rule 108.1, sues and confesses judgment against Defendants, The Cadata Corporation and Thai Van Nguyen, jointly and severally, and in support states as follows:

**PARTIES**

1. Plaintiff, TD Bank, is a national banking association, registered to conduct business in the State of Maryland, and with its main office located in Wilmington, Delaware. It is therefore a citizen of Delaware.

2. On information and belief, Defendant The Cadata Corporation ("*Cadata*") is a corporation formed under the laws of the State of Maryland with its registered office at 2321 Gold Mine Road, Brookeville, Maryland 20833. Cadata's resident agent is Melinda Duong, CPA with a registered address at 16410 Archway Court, Bowie, Maryland 20716. On information and belief, Cadata also has an address of 6701 Democracy Boulevard, Bethesda, Maryland 20817.

3. On information and belief, Defendant Thai Van Nguyen ("*Mr. Nguyen*") is a citizen of the State of Maryland and resides at 2321 Gold Mine Road, Brookeville, Maryland 20833.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. This Court has personal jurisdiction over Cadata and Mr. Nguyen because they are Maryland citizens residing and doing business in Maryland and because Cadata agreed to submit to the jurisdiction and venue of the state and Federal courts of Maryland for any dispute arising out of the Note (as defined below).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Cadata and Mr. Nguyen are residents of Montgomery County, Maryland and because a substantial part of the events and/or omissions giving rise to the claims asserted herein occurred in Maryland.

## GENERAL FACTS AND ALLEGATIONS

7. Pursuant to Local Rule 108.1(a) of the United States District Court for the District of Maryland, TD Bank has filed, along with this Complaint for Entry of Judgment by Confession, an Affidavit of Shelley McTaggart on behalf of TD Bank (the "*Affidavit*") attached

hereto as Exhibit 1; and copies of the written instruments authorizing the confession of judgment, all of which are incorporated herein by reference.

8. On or about July 5, 2019, TD Bank provided a $100,000.00 commercial revolving line of credit to Cadata (the "**Loan**"), the proceeds of which were to be used for general business purposes and operations.

9. The Loan is evidenced by, among other things, a Promissory Note dated July 5, 2019 executed by Cadata in favor of TD Bank in the principal amount of $100,000.00, plus interest at 1.490% above the Wall Street Journal Prime Rate (the "***Note***"). A true and accurate copy of the Note is attached as Exhibit 2 and incorporated by reference.

10. In consideration for TD Bank's agreement to enter into the Note and to secure Cadata's obligations under the Note and other loan documents, Mr. Nguyen guaranteed repayment of the Loan by executing a Commercial Guaranty dated July 5, 2019 in favor of TD Bank (the "***Guaranty***"). A true an accurate copy of the Guaranty is attached as Exhibit 3 and incorporated by reference.

11. Under the terms of the Note, Cadata promised to (i) pay the Loan in full upon demand; and (ii) pay regular monthly payments "of all accrued unpaid interest due as of each payment date, beginning August 5, 2019, with all subsequent interest payments to be due on the same day of each month after that." *See* Ex. 2—Note, p. 1 ("Payment" clause). Cadata also agreed to pay a late fee if any regularly scheduled interest payment is 15 days or more late; or, if Cadata fails to pay the Loan in full within 15 days after TD Bank demands payment of the Loan in full. *See* Ex. 2—Note, p. 1 ("Late Charge" clause).

12. Under the terms of the Guaranty, Mr. Nguyen agreed to guarantee "the performance discharge" of all of Cadata's obligations under the Note and other loan documents, including, among other things, "the full and punctual payment and satisfaction" of "all of the

principal amount outstanding. . . accrued unpaid interest thereon and all collection costs and legal expenses related thereto permitted by law, [and] attorneys' fees…" owed by Cadata to TD Bank. *See* Ex. 3—Guaranty, p. 1 ("Continuing Guarantee of Payment and Performance" clause and "Indebtedness" clause).

13. Mr. Nguyen further agreed to make any payments to TD Bank on demand. *Id*.

14. Mr. Nguyen also agreed to pay all of TD Bank's attorneys' fees and other collection expenses incurred by TD Bank to enforce the Guaranty. *See* Ex. 3—Guaranty, p. 3 ("Attorneys' Fees; Expenses" clause).

15. Cadata's failure to make any payment when due constitutes a Default under the terms of the Note. *See* Ex. 2—Note, p. 3 ("Payment Default" section).

16. Upon Default, Cadata agreed to a default interest rate on the Note of 18.000% per annum based on a year of 360 days. *See* Ex. 2—Note, p. 1 ("Interest after Default" clause).

17. Upon Default, Cadata further agreed to pay all of TD Bank's attorneys' fees and collection expenses. *See* Ex. 2—Note, p. 1 ("Attorneys' Fees; Expenses" clause).

18. Upon Default, the Note authorizes TD Bank to confess judgment on behalf of Cadata. The Note's Confession of Judgment clause provides in bold and capitalized font:

> **<u>CONFESSED JUDGMENT</u>. UPON THE OCCURRENCE OF A DEFAULT, BORROWER HEREBY AUTHORIZES ANY ATTORNEY DESIGNATED BY LENDER OR ANY CLERK OF ANY COURT OF RECORD TO APPEAR FOR BORROWER IN ANY COURT OF RECORD AND CONFESS JUDGMENT WITHOUT PRIOR HEARING AGAINST BORROWER IN FAVOR OF LENDER FOR, AND IN THE AMOUNT OF, THE UNPAID BALANCE OF THE PRINCIPAL AMOUNT OF THIS NOTE, ALL INTEREST ACCRUED AND UNPAID THEREON, ALL OTHER AMOUNTS PAYABLE BY BORROWER TO LENDER UNDER THE TERMS OF THIS NOTE OR ANY OTHER AGREEMENT, DOCUMENTS, INSTRUMENT EVIDENCING, SECURING OR GUARANTYING THE OBLIGATIONS EVIDENCED BY THIS NOTE, COSTS OF SUIT, AND ATTORNEYS' FEES OF FIFTEEN PERCENT (15%) OF THE UNPAID BALANCE OF THE PRINCIPAL AMOUNT OF THIS NOTE AND INTEREST THEN DUE HEREUNDER.**

Ex. 2—Note, p. 2 ("Confessed Judgment" clause).

19. The Guaranty also contains a Confession of Judgment clause in bold and capitalized font, which provides as follows:

> **CONFESSED JUDGMENT. UPON THE OCCURRENCE OF A DEFAULT ON THE INDEBTEDNESS, GUARANTOR HEREBY AUTHORIZES ANY ATTORNEY DESIGNATED BY LENDER OR ANY CLERK OF ANY COURT OF RECORD TO APPEAR FOR GUARANTOR IN ANY COURT OF RECORD AND CONFESS JUDGMENT WITHOUT PRIOR HEARING AGAINST GUARANTOR IN FAVOR OF LENDER FOR, AND IN THE AMOUNT OF, THE UNPAID BALANCE OF THIS GUARANTY, ALL INTEREST ACCRUED AND UNPAID THEREON, ALL OTHER AMOUNTS PAYABLE BY GUARANTOR TO LENDER UNDER THE TERMS OF THIS GUARANTY OR ANY OTHER AGREEMENT, DOCUMENTS, INSTRUMENT EVIDENCING, SECURING OR GUARANTYING THE OBLIGATIONS EVIDENCED BY THIS GUARANTY, COSTS OF SUIT, AND ATTORNEYS' FEES OF FIFTEEN PERCENT (15%) OF THE UNPAID BALANCE OF THE PRINCIPAL AMOUNT OF THIS GUARANTY AND INTEREST THEN DUE HEREUNDER.**

Ex. 3—Guaranty, p. 3 ("Confessed Judgment" clause).

20. Cadata failed to make all of its regular monthly payments of accrued unpaid interest due and owing under the terms of the Note.

21. Cadata's failure to make all regularly scheduled monthly interest payments in full when due constitutes a Default under the terms of the Note and the Guaranty. *See* Exs. 2-3.

22. As a result of Cadata's default(s), TD Bank declared the entire unpaid principal balance of the Loan, together with accrued and unpaid interest, late fees, and other costs and expenses, if any, immediately due and owing as permitted by the terms of the Note and other loan documents, and sent Cadata and Mr. Nguyen a letter dated February 27, 2024 (the "***Demand Letter***") demanding immediate payment of the Loan in full and attaching a payoff statement setting forth the amounts owed on the Loan through February 26, 2024. A true and accurate copy of the Demand Letter is attached as Exhibit 4 and incorporated by reference.

23. Despite TD Bank's demand for payment of the Loan in full, Cadata and Mr. Nguyen failed to pay the Loan in full as required by the Note and the Guaranty. Cadata's and Mr. Nguyen's failure to pay the Loan in full immediately upon TD Bank's demand also constitutes a Default under the terms of the Note and the Guaranty. *See* Exs. 2-4.

24. On March 25, 2024, TD Bank implemented the 18% default interest rate.

25. As of May 30, 2024, the amounts due and owing on the Loan are as follows:

| | |
|---|---|
| Principal | $74,661.98 |
| Interest | $6,011.42 |
| Late Fees | $777.28 |
| Miscellaneous Fees | $25.00 |
| **Total** | **$81,475.68** |

*See* Ex. 1—Affidavit.

26. Interest continues to accrue at the *per diem* rate of $37.33. Late fees continue to be assessed in accordance with the terms of the Note.

27. Through this confessed judgment suit, TD Bank is also entitled to collect its costs and expenses, including reasonable attorneys' fees (in an amount up to 15% of the unpaid principal balance plus accrued interest), incurred in connection with the enforcement and collection of the Note and the Guaranty.

28. As of the filing of this Complaint, TD Bank has incurred attorneys' fees and costs in the total amount of $2,505.00. The Affidavit of Laurie Furshman in support of TD Bank's reasonable attorneys' fees and costs of suit incurred through the filing of this Complaint is attached as <u>Exhibit 5</u> and incorporated by reference.

29. In addition to the above amounts, Cadata and Mr. Nguyen are also obligated to reimburse TD Bank for its future attorneys' fees and expenses incurred to collect the amounts

owed under the Loan, if any. TD Bank intends to file a supplemental request and affidavit in the above-captioned action in support of its future attorneys' fees and expenses, if any, after the culmination of its collection efforts. *See e.g.*, Ex. 2—Note, p. 3 ("Confessed Judgment" clause) ("The authority and power to appear for and enter judgment against [Cadata] . . . shall not be extinguished by any judgment entered pursuant thereto"); Ex. 3—Guaranty, p. 3 ("Confessed Judgment" clause) ("The authority and power to appear for and enter judgment against [Mr. Nguyen] . . . shall not be extinguished by any judgment entered pursuant thereto").

30. An Affidavit of Non-Military Status in accordance with the Servicemembers Civil Relief Act of 2003, 50 U.S.C. App. § 501, *et seq*., as amended, is attached as <u>Exhibit 6</u> and incorporated by reference.

31. A proposed Order entering Judgment by Confession in favor of TD Bank and against Cadata and Mr. Nguyen, jointly and severally, along with proposed Notices of Entry of Judgment by Confession, are being filed with this Complaint.

<u>**COUNT I**</u>
**JUDGMENT BY CONFESSION UNDER THE NOTE**

32. TD Bank incorporates by reference all of the allegations contained in each of the numbered paragraphs of this Complaint as if fully set forth herein.

33. As set forth above, pursuant to the terms of the Note, a Default has occurred, and the Note's Confession of Judgment clause authorizes TD Bank to bring this action against Cadata and to request entry of judgment against Cadata, without prior notice or hearing, in the full amount of the unpaid principal balance of the Loan, all accrued and unpaid interest, and all other amounts payable under the terms of the Note, including costs of suit and attorneys' fees.

34. Accordingly, pursuant to Local Rule 108.1 and Maryland Rule 2-611, TD Bank requests the entry of judgment by confession against Defendant Cadata as authorized by the Note.

35.   As of May 30, 2024, Cadata and Mr. Nguyen are jointly and severally indebted to TD Bank in the amount of $83,980.68, with interest, late fees, costs, expenses, attorneys' fees, and other amounts continuing to accrue.

36.   WHEREFORE, Plaintiff, TD Bank, N.A., requests judgment by confession be entered in its favor and against Defendants, Cadata Providers Inc. and Charles Mr. Nguyen, jointly and severally, in the amount of $83,980.68, plus a *per diem* interest of $37.33 from May 30, 2024 to the entry of judgment, post-judgment interest at the legal rate, and any other relief the Court finds to be just and proper. TD Bank further requests leave to submit a supplemental claim by affidavit for its future attorneys' fees and expenses, if any, after the culmination of its collection efforts.

## COUNT II
## JUDGMENT BY CONFESSION UNDER THE GUARANTY

37.   TD Bank incorporates by reference all of the allegations contained in each of the numbered paragraphs of this Complaint as if fully set forth herein.

38.   As set forth above, pursuant to the terms of the Note and the Guaranty, a Default has occurred, and the Guaranty's Confession of Judgment clause authorizes TD Bank to bring this action against Mr. Nguyen and to request entry of judgment against him, without prior notice or hearing, in the full amount of the unpaid principal balance of the Loan, all accrued and unpaid interest, and all other amounts payable under the terms of the Note and the Guaranty, including costs of suit and attorneys' fees.

39.   Accordingly, pursuant to Local Rule 108.1 and Maryland Rule 2-611, TD Bank requests the entry of judgment by confession against Mr. Nguyen as authorized by the Guaranty.

40.   As of May 30, 2024, Cadata and Mr. Nguyen are jointly and severally indebted to TD Bank in the amount of $83,980.68, with interest, late fees, costs, expenses, attorneys' fees, and other amounts continuing to accrue.

WHEREFORE, Plaintiff, TD Bank, N.A., requests judgment by confession be entered in its favor and against Defendants, The Cadata Corporation and Thai Van Nguyen, jointly and severally, in the amount of $83,980.68, plus a *per diem* interest of $37.33 from May 30, 2024 to the entry of judgment, post-judgment interest at the legal rate, and any other relief the Court finds to be just and proper. TD Bank further requests leave to submit a supplemental claim by affidavit for its future attorneys' fees and expenses, if any, after the culmination of its collection efforts.

Date:  August 22, 2024                                   Respectfully submitted,


                                                         /s/ _____
                                                         Laurie G. Furshman (Fed. Bar No. 29604)
                                                         Duane Morris, LLP
                                                         100 International Drive, Suite 700
                                                         Baltimore, Maryland 21202
                                                         (410) 949-2943 telephone
                                                         (410) 510-1274 facsimile
                                                         Lgfurshman@duanemorris.com

                                                         *Attorneys for Plaintiff TD Bank, N.A.*