IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TD BANK, N.A., | * | |
|    Plaintiff, | * | |
| v. | * | Civil No. 1:24-2439-RDB |
| THE CADATA CORPORATION, *et al.*, | * | |
| | * | |
|    Defendants. | * | |
| | * | |

          *   *   *

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses Plaintiff TD Bank, N.A.'s ("Plaintiff's") Complaint for Entry of Judgment by Confession, pursuant to Local Rule 108.1 ("Plaintiff's Complaint"), against Defendants The Cadata Corporation ("Cadata") and Thai Van Nguyen ("Mr. Nguyen") (collectively, "Defendants"). ECF 1. On August 22, 2024, Judge Bennett, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, referred this case to me to "review[] [Plaintiff's] [C]omplaint[.]" ECF 5. I have reviewed Plaintiff's Complaint, and no hearing is necessary. For the following reasons, the Undersigned recommends directing and ordering entry of judgment by confession in Plaintiff's favor.

**I.    FACTUAL BACKGROUND**

Plaintiff is a national banking association, and Defendant Cadata is a general contracting corporation based in Maryland, with Mr. Nguyen as its owner and president since 2002. ECF 1, at ¶ 1; Affidavit of Shelley McTaggart, ECF 1-1 ("McTaggart Aff."), at ¶¶ 18-19, 21. The nature of the parties' relationship and the matter at issue appears in

Plaintiff's Complaint as well as six attached exhibits: (1) an affidavit from Shelley McTaggart, Commercial Workout Officer and Vice President of Plaintiff ("Ms. McTaggart"), accompanied by a purported loan payment and transaction history chart; (2) a promissory note executed between Plaintiff and Cadata; (3) a commercial guaranty executed between Plaintiff and Mr. Nguyen; (4) a notice of default purportedly sent to Defendants from Plaintiff, accompanied by a purported payoff quote; and (5-6) affidavits from Laurie G. Furshman, Plaintiff's counsel ("Ms. Furshman").  ECF 1.  The Court summarizes the relevant facts, as alleged by Plaintiff, below.

### A. The $100,000 commercial revolving line of credit

On or about June 18, 2019, Mr. Nguyen visited a local TD Bank branch in Olney, Maryland and submitted (1) a Small Business Loan Application, requesting a $100,000 line of credit, on behalf of Cadata, and (2) an Owner Guarantor Personal Financial Statement on behalf of himself.  McTaggart Aff., at ¶ 17.  At the time, Mr. Nguyen was 76 years old and alleged to be an "experienced and sophisticated businessperson with substantial experience in commercial transactions." *Id*. at ¶¶ 20, 24.  On or about July 5, 2019, Plaintiff provided Cadata with a $100,000 commercial revolving line of credit "to be used for general business purposes and operations" (the "Loan").  ECF 1, at ¶ 8.  Relevant loan documents include a July 5, 2019 promissory note executed between Plaintiff and Cadata (the "Note") and a July 5, 2019 commercial guaranty executed between Plaintiff and Mr. Nguyen (the "Guaranty") (collectively, the "Loan Documents").  *See* ECFs 1-2 (promissory note), 1-3 (commercial guaranty).

### i. The Promissory Note

The Note identifies Plaintiff as the lender and Cadata as the borrower.  ECF 1-2, at 1.  In agreeing to the terms of the Note, Cadata accepted several obligations, including

the following: (1) upon Plaintiff's demand, Cadata must pay the Loan in full or in the amount outstanding plus unpaid interest on the outstanding principal amount; and (2) irrespective of whether Plaintiff makes a demand, beginning on August 5, 2019, Cadata must make monthly payments, due on the 5th of each month, of all accrued unpaid interest on the outstanding principal amount.[1]  *Id.*  The parties agreed to a variable interest rate of 1.490% above the Wall Street Journal Prime Rate.[2]  *Id.*  Plaintiff "may declare the entire unpaid principle balance under th[e] Note . . . and all accrued unpaid interest, together with all other applicable fees, costs and charges, if any, immediately due and payable[.]"  *Id.*

In the event of default, the Note is immediately due and payable.  Default is triggered by, among other things, the following five events: (1) after Plaintiff's demand, Cadata fails to pay the Loan in full or in the amount outstanding plus unpaid interest; (2) Cadata fails to make a monthly payment of all accrued unpaid interest; (3) Cadata fails to comply with or perform any of its obligations under the Note; (4) upon Cadata's

---

[1] All unpaid interest under the Note is computed "by applying the ratio of the [variable] interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding."  ECF 1-2, at 1.

[2] The Wall Street Journal Prime Rate is subject to change; at the time the Note was executed, the rate was 5.5%, which translated to an initial variable interest rate of 6.99%.  ECF 1-2, at 1.  The parties agreed that the 1.49% margin could be adjusted, if necessary, to ensure that the variable interest rate was not "less than 5.500% . . . or more than the maximum rate allowed by applicable law."  *Id.*  Moreover, the variable interest rate on the monthly payments of all accrued unpaid interest on the outstanding principal amount is subject to an additional provision in the Note.  For the first twelve months, beginning on August 5, 2019, the variable interest rate was 5.5% plus 0.00%.  For the months thereafter, beginning on July 5, 2020, the variable interest rate was 5.5% plus 1.49%.  *Id.* at 3.  The parties agreed that the 0.00%, or the 1.49%, margin could be adjusted, if necessary, to ensure that the variable interest rate was not "less than 5.500% . . . or more than the maximum rate allowed by applicable law."  *Id.* at 1, 3.

default and/or Plaintiff's demand, Mr. Nguyen fails to fully and punctually pay and satisfy any and all indebtedness, existing or arising, owed by Cadata to Plaintiff; or (5) upon Cadata's default and/or Plaintiff's demand, Mr. Nguyen fails to perform and discharge all of his obligations under the Guaranty.  *Id.* at 3.  Upon default, the variable interest rate increases to 18%, and Cadata becomes liable "to pay [Plaintiff]'s attorneys' fees and all of [Plaintiff]'s other collection expenses, whether or not there is a lawsuit" (the "Attorneys' Fees Provision").  *Id.* at 1.  In the event of a late payment (i.e., where Cadata fails to make a monthly payment on or before the 20th of each month), Cadata is charged 6% of the unpaid monthly payment.  In contrast, where Plaintiff makes a demand and Cadata fails to pay the Loan in full or in the amount outstanding plus unpaid interest within fifteen days of such demand, Cadata is charged 6% of the unpaid principal amount plus accrued unpaid interest.  *Id.*

      ii.  *The Guaranty*

The Guaranty lists Plaintiff as the lender, Cadata as the borrower, and Mr. Nguyen as the guarantor.  ECF 1-3, at 1.  As guarantor, Mr. Nguyen accepted several obligations, including the following: (1) upon Cadata's default and/or Plaintiff's demand, Mr. Nguyen must fully and punctually pay and satisfy any and all indebtedness, existing or arising, owed by Cadata to Plaintiff; and (2) upon Cadata's default and/or Plaintiff's demand, Mr. Nguyen must perform and discharge all of Cadata's obligations under the Note.  *Id.*  The Guaranty defines indebtedness as:

> all of the principal amount outstanding from time to time and at any one or more times, accrued unpaid interest thereon and all collection costs and legal expenses related thereto permitted by law, attorneys' fees, arising from any and all debts, liabilities, and obligations of every nature or form, now existing or hereafter arising or acquired, that [Cadata] individually or collectively or interchangeably with others, owes or will owe [Plaintiff].

4

*Id.* Even if Cadata defaults under the Note, Plaintiff may demand immediate payment or performance from Mr. Nguyen. *Id.* Mr. Nguyen must also pay Plaintiff's "attorneys' fees and . . . collection expenses, whether or not there is a lawsuit[,]" if Plaintiff "hires an attorney to help enforce th[e] Guaranty" (the "Attorneys' Fees Provision"). *Id.* at 3.

### iii.  *The Confessed Judgment Provisions*

Both Loan Documents include similar provisions under the header "Confessed Judgment" (the "Confessed Judgment Provisions"). ECFs 1-2, at 2; 1-3, at 3. The provision in the Note declares that:

> [u]pon the occurrence of a default, [Cadata] hereby authorizes any attorney designated by [Plaintiff] or any clerk of any court of record to appear for [Cadata] in any court of record and confess judgment without prior hearing against [Cadata] in favor of [Plaintiff] for, and in the amount of, the unpaid balance of the principal amount of this Note, all interest accrued and unpaid thereon, all other amounts payable by [Cadata] to [Plaintiff] under the terms of this Note or any other agreement, documents, instrument evidencing, securing or guarantying the obligations evidenced by this Note, costs of suit, and attorneys' fees of fifteen percent (15%) of the unpaid balance of the principal amount of this Note and interest then due hereunder.

ECF 1-2, at 2. Similarly, the provision in the Guaranty states that:

> [u]pon the occurrence of a default on the indebtedness, [Mr. Nguyen] hereby authorizes any attorney designated by [Plaintiff] or any clerk of any court of record to appear for [Mr. Nguyen] in any court of record and confess judgment without prior hearing against [Mr. Nguyen] in favor of [Plaintiff] for, and in the amount of, the unpaid balance of the principal amount of this Guaranty, all interest accrued and unpaid thereon, all other amounts payable by [Mr. Nguyen] to [Plaintiff] under the terms of this Guaranty or any other agreement, documents, instrument evidencing, securing or guarantying the obligations evidenced by this Guaranty, costs of suit, and attorneys' fees of fifteen percent (15%) of the unpaid balance of the principal amount of this Guaranty and interest then due hereunder.

ECF 1-3, at 3. Under both provisions, Defendants agree to "release[], to the extent permitted by law, all errors and all rights of exemption, appeal, stay of execution, inquisition, and other rights to which [Cadata] may otherwise be entitled under the laws

5

of the United States or of any state or possession of the United States now in force and which hereafter be enacted." ECF 1-2, at 2; ECF 1-3, at 3.

### B. *Defendants' alleged default*

Plaintiff claims that Defendants defaulted under the Loan Documents by failing to remit all the monthly payments of accrued unpaid interest and to pay the Loan in full upon Plaintiff's demand. ECF 1, at ¶¶ 21, 23. To support this position, Plaintiff relies on a loan payment and transaction history chart reflecting Cadata's failures to submit these monthly payments (the "Payment History"). McTaggart Aff., at 6-9. The Payment History indicates Cadata failed to make monthly payments—on time or in full—several times between August 5, 2019, and August 22, 2024, and failed to make a meaningful payment since October 12, 2023.[3] *Id.* at 6-8.

On February 27, 2024, Plaintiff sent a notice of default, executed by Ms. McTaggart, to Defendants. ECF 1-4. The notice declared that Defendants were in default but did not readily identify the triggering event. *See id.* Plaintiff demanded that Defendants pay, immediately, "all outstanding principal of the Loan, together with any accrued and unpaid interest, late fees, incurred reasonable attorney fees, and any other costs and expenses[.]" *Id.* at 1. The notice informed Defendants that Plaintiff could "implement the default rate of interest[,]" which Plaintiff later did on March 25, 2024. ECF 1-4, at 1; ECF 1, at ¶ 24. According to the attached payoff statement (the "Payoff

---

[3] Although the Payment History shows that Defendants paid $31.58 on March 29, 2024, McTaggart Aff., at 8, such payment did not satisfy Defendants' obligation to make monthly payments or pay the outstanding amount due because accrued unpaid interest and an outstanding amount remained. Moreover, although the Payment History shows that Defendants paid $2,850.66 on November 12, 2023, $4,812.36 on December 12, 2023, and $6,774.06 on January 12, 2024, *id.*, such payments do not satisfy Defendants' obligation to make monthly payments because these payments did not count towards the accrued unpaid interest.

Statement"), as of February 22, 2024, Defendants owed $78,027.43 to Plaintiff.[4]  ECF 1-4, at 3.  Despite the notice, Plaintiff alleges that Defendants still have not paid the outstanding amount due.  ECF 1, at ¶ 25.

*C. Plaintiff's claimed damages*

On August 22, 2024, Plaintiff filed the Complaint pursuant to Local Rule 108.1, seeking entry of judgment by confession in its favor.  ECF 1.  Plaintiff claims that, under the Confessed Judgment Provisions, Defendants' default entitles Plaintiff to the requested judgment.  *Id.* at ¶¶ 33, 38.  Plaintiff avers that, as of August 22, 2024, Defendants are jointly and severally liable for $83,980.68.  *Id.* at ¶¶ 36, 40.  This sum comprises $74,661.98 in principal; $6,011.42 in accrued unpaid interest; $777.28 in late fees; $2,100.00 in attorneys' fees incurred to date; $405.00 in court costs; and $25.00 in miscellaneous fees.[5]  ECF 1, at ¶ 25; Affidavit of Laurie G. Furshman, ECF 1-5 ("Furshman Aff."), at ¶ 9-10.  Plaintiff requests that, at the time of entry of judgment by confession, the Court award post-judgment interest as well as a $37.33 *per diem* unpaid interest charge for every day following May 30, 2024.  ECF 1, at ¶¶ 36, 40.  Plaintiff also seeks leave to submit a supplemental claim for future attorneys' fees and costs, if any, after the culmination of its collection efforts.  *Id.*

---

[4] The Payoff Statement shows that Defendants owed, as of February 22, 2024, $74,661.98 in principal amount; $3,007.33 in accrued unpaid interest; $333.12 in late fees; and a $25.00 termination fee.  ECF 1-4, at 3.  It also shows a $21.76 *per diem* unpaid interest charge.  *Id.*

[5] Ms. Furshman submits an affidavit in support of Plaintiff's request for attorney's fees and costs.  ECF 1-5.

## II.     LEGAL STANDARD

Based on express provisions in the Loan Documents, Maryland law applies to matters arising from the Loan Documents, such as Plaintiff's request for confessed judgment.  ECFs 1-2, at 2; 1-3, at 3; *see also Ace Am. Ins. Co. v. Grand Banks Yachts, Ltd.*, 587 F. Supp. 2d 697, 704 (D. Md. 2008) (citation omitted) ("When a contract contains a choice of law provision, . . . the law of the state chosen by the parties to govern their contractual rights will be applied.").  Under Maryland law, judgment by confession is a "device designed to facilitate collection of a debt." *Sager v. Housing Comm'n of Anne Arundel Cnty.*, 855 F. Supp. 2d 524, 552 (D. Md. 2012) (quoting *Schlossberg v. Citizens Bank*, 372 A.2d 625, 627 (Md. 1996)).  A confessed judgment contractual provision exists where a debtor "agree[s] to the entry of judgment against them without the benefit of a trial in the event of default on the debt instrument." *Schlossberg*, 372 A.2d at 627.  While permissible, confessed judgments are disfavored in Maryland and require judicial scrutiny before entry.  *Sager*, 855 F. Supp. 2d at 553-54 & n.37 (citations omitted).

Local Rule 108.1 governs the entry of judgment by confession in this Court.  *Hunt v. Kadlick*, 972 F. Supp. 2d 772, 774 (D. Md. 2013).  To obtain an entry of judgment by confession, a movant must satisfy two elements.  First, a plaintiff must file a "complaint requesting the entry of judgment by confession" accompanied by:

> [(1)] the written instrument authorizing the confession of judgment and entitling the plaintiff to a claim for liquidated damages and . . . [(2)] an affidavit made by the plaintiff or someone on that party's behalf stating [(a)] the specific circumstances of the defendant's execution of said instrument[,] . . . [(b)] where known, the age and education of the defendant, . . . [(c)] the amount due thereunder, and [(d)] the post office address (including street address if needed to effect mail delivery) of the defendant.

D. Md. Loc. R. 108.1(a). Second, the plaintiff's documents must *prima facie* establish that: (1) the defendant voluntarily, knowingly, and intelligently waived their right to notice and a pre-judgment hearing on the merits of the plaintiff's claim for liquidated damages; and (2) the plaintiff has a meritorious claim for liquidated damages against the defendant. *Id.* at 108.1(b); *see generally Citibank, N.A. v. Cecil Surgery Ctr., LLC*, No. ELH-14-567, 2014 WL 2115022, at *2 (D. Md. May 20, 2014) (citing *D.H. Overmyer Co., Inc. of Ohio v. Frick Co.*, 405 U.S. 174, 187-88 (1972)) (noting that Local Rule 108.1(b) "exist[s] to ensure that the entry of judgment by confession does not violate the due process rights of [] defendants"). A *prima facie* showing requires "evidence that would entitle the proponent to a favorable ruling in the absence of evidence to the contrary." *Citibank, N.A.*, 2014 WL 2115022, at *2 (citing *In re Friedman*, 436 F. Supp. 234, 237 (D. Md. 1977)). So long as a plaintiff complies with Local Rule 108.1, the Court may direct an entry of judgment by confession even if the defendant did not receive service of a summons and complaint. *TD Bank, N.A. v. Graffiti Healthcare Providers Inc.*, No. DKC-24-255, 2024 WL 3555125, at *2 (D. Md. July 25, 2024).

### III.  ANALYSIS

For the following reasons, the undersigned recommends that upon consideration of Plaintiff's Complaint, the Court ORDER entry of judgment by confession in Plaintiff's favor and against Defendants, jointly and severally, for the amounts set forth in Plaintiff's Complaint. As explained below, those amounts include unpaid principal, accrued unpaid interest, late fees, pre-judgment interest as provided by the Loan Documents, post-judgment interest provided by law, attorneys' fees and costs, and miscellaneous fees.

   *A. The Undersigned recommends ordering entry of judgment by confession in Plaintiff's favor and against Defendants.*

Plaintiff argues that the Court should direct entry of judgment by confession in its favor because the Confessed Judgment Provisions entitle it to judgment by confession under Local Rule 108.1. ECF 1, at ¶¶ 33, 38. Plaintiff claims that the Confessed Judgment Provisions apply because Defendants are in default under the Loan Documents. *Id.* Specifically, Plaintiff alleges two defaults: (1) Cadata's failure to pay all of the monthly payments of accrued unpaid interest; and (2) upon Plaintiff's demand on February 27, 2024, Defendants' failure to pay the outstanding amount due. *Id.* at ¶¶ 21, 23. To determine whether the Court should direct entry of judgment by confession in Plaintiff's favor, I must decide whether Plaintiff's Complaint satisfies the elements of Local Rule 108.1.

The undersigned first recommends finding the elements of Rule 108.1(a) satisfied. Plaintiff filed "a complaint requesting the entry of judgment by confession[.]" D. Md. Loc. R. 108.1(a); *see* ECF 1. With its Complaint, Plaintiff provided the Note and the Guaranty, each containing their respective confessed judgment provision. ECFs 1-2, at 2; 1-3, at 3. The undersigned concludes that the documents are "written instrument[s] authorizing the confession of judgment and entitling the plaintiff to a claim of liquidated damages[.]" D. Md. Loc. R. 108.1(a). Under the Confessed Judgment Provisions, Plaintiff's attorneys are authorized to appear on behalf of Defendants and confess judgment in favor of Plaintiff without a prior hearing in the event of a default. ECFs 1-2, at 2; 1-3, at 3. The provisions also entitle Plaintiff, upon an entry of judgment by confession, to recover the:

> unpaid balance of the principal amount of th[e Loan Documents], all interest accrued and unpaid thereon, all other amounts payable . . . under

10

> the terms of th[e Loan Documents] or any other agreement, documents, instrument evidencing, securing or guarantying the obligations evidenced by th[e Loan Documents], costs of suit, and attorneys' fees of fifteen percent (15%) of the unpaid balance of the principal amount of th[e Loan Documents] and interest then due hereunder.

*Id.* The Court has, on several occasions, enforced confessed judgment provisions containing similar language. *See, e.g., Cordish Power Plant No. Two, LLC v. Chiang*, No. CCB-18-3389, 2018 WL 5994994, at *1-2 (D. Md. Nov. 15, 2018); *LNV Corp. v. Harrison Fam. Bus., LLC*, No. ELH-14-03778, 2015 WL 7454044, at *3, *5 (D. Md. Nov. 23, 2015); *Bank of Commerce v. BSJ Partners, LLC*, No. ELH-13-2349, 2013 WL 5505858, at *2-3 (D. Md. Oct. 1, 2013).

Plaintiff's supporting affidavits establish additional information required by Rule 108.1(a). Ms. McTaggart describes the specific circumstances of Defendants' execution of the Loan Documents. *See* McTaggart Aff., at ¶ 16-28. She identifies that Mr. Nguyen is of age to enter into a contract, Defendants' addresses, and Defendants' $81,475.68 outstanding loan balance as of May 30, 2024. *Id.* at ¶¶ 8, 15, 20. Ms. Furshman provides that, as of August 22, 2024, Defendants owe Plaintiff approximately $2,500 in costs and attorneys' fees. Furshman Aff., at ¶ 11.

Likewise, the undersigned recommends finding Plaintiff satisfies the elements of Rule 108.1(b). Plaintiff's documents *prima facie* establish that Defendants voluntarily, knowingly, and intelligently waived their right to notice and a pre-judgment hearing on the merits of Plaintiff's claim. At the time Mr. Nguyen executed the Loan Documents, he was a 76-year-old, sophisticated businessperson operating as Cadata's owner and president since 2002. McTaggart Aff., at ¶ 19, 21, 24. These facts satisfy the knowing and voluntary waiver element of Rule 108.1(b). *See United Cmty. Bank, Inc. v. IAAAA, Inc.*, No. GJH-20-594, 2021 WL 2685362, at *3 (D. Md. June 29, 2021) (finding that the

first element of Rule 108.1(b) satisfied where the defendant-guarantor, at the time he executed the note and the guaranty, was 31 years old, a sophisticated businessperson, and the defendant's president); *Int'l Painters and Allied Trades Indus. Pension Fund v. Kosson Glass, Inc.*, No. MJG-16-3775, 2016 WL 7383354, at *2 (D. Md. Dec. 21, 2016) (signatory was an adult, a sophisticated business person, and the defendant's owner and president); *Bank of Commerce*, 2013 WL 5505858, at *2 (signatories were adults, sophisticated businesspeople, and members of the defendant-borrower).

The documents also establish Plaintiff's meritorious claim for liquidated damages. Based on the Confessed Judgment Provisions, as a prerequisite to a confessed judgment, Plaintiff must show that Defendants are in default. ECFs 1-2, at 2; 1-3, at 3; *see Citibank, N.A.*, 2014 WL 2115022, at *2-3. Plaintiff's documents, including the attached affidavits and Payment History, demonstrate Cadata's default by failing to pay all of the monthly payments—on time or in full—several times between August 5, 2019, and August 22, 2024 or in any meaningful amount since October 12, 2023. *See* McTaggart Aff., at ¶ 11 & 6-8. The February 27, 2024 notice informed Defendants of their default and sought the $78,027.43 due at that time. ECF 1-4, at 1, 3. Despite this demand, Defendants failed to pay the outstanding amount—another event triggering default. Accordingly, Plaintiff's Complaint provides "evidence that [] entitle[s Plaintiff] to a favorable ruling in the absence of evidence to the contrary." *Citibank, N.A.*, 2014 WL 2115022, at *2 (citing *In re Friedman*, 436 F. Supp. at 237).

> B. *The Undersigned recommends ordering judgment for the outstanding amount due under the Loan Documents, including pre-judgment interest.*

Plaintiff seeks $74,661.98 in principal amount; $6,011.42 in accrued unpaid interest; $777.28 in late fees; and $25.00 in miscellaneous fees, for a total outstanding

balance of $81,475.68.  ECF 1, at ¶ 25.  Plaintiff also seeks pre-judgment interest as provided by the Loan Documents: a $37.33 *per diem* unpaid interest charge for every day after May 30, 2024.  ECF 1, at ¶¶ 26, 36, 40; McTaggart Aff., at ¶ 9.

Plaintiff is entitled to those amounts.  As explained above, Plaintiff makes a *prima facie* showing that Defendants are in default, not having paid as required and having been informed of their default.  *See* McTaggart Aff., at 6-9.  An unpaid interest award is consistent with other confessed judgments issued by the Court.  *See United Cmty. Bank*, 2021 WL 2685362, at *7 (granting the plaintiff's request to award a *per diem* unpaid interest charge); *Chiang*, 2018 WL 5994994, at *3 (same); *LNV Corp.*, 2015 WL 7454044, at *10 (same); *Bank of Commerce*, 2013 WL 5505858, at *4 (same).  Therefore, the undersigned recommends entering judgment for the $81,475.68 due under the Loan Documents and for the pre-judgment, *per diem* unpaid interest charge of $37.33 for every day after May 30, 2024 through the date of judgment.

> C. *The Undersigned recommends the judgment include Plaintiff's attorneys' fees and costs incurred to date.*

Plaintiff seeks $2,100.00 in attorneys' fees, with leave to supplement its request and obtain additional amounts if collection efforts require further action.  ECF 1, at ¶¶ 36, 40; Furshman Aff., at ¶ 9.  In a diversity action, state law governs a party's right to recover attorneys' fees.  *See Ranger Constr. Co. v. Prince William Cnty. Sch. Bd.*, 605 F.2d 1298, 1301 (4th Cir. 1979).  "A contractual obligation to pay attorneys' fees generally is valid and enforceable in Maryland."  *Atl. Contracting & Material Co., Inc. v. Ulico Cas. Co.*, 844 A.2d 460, 477 (Md. 2004).

Every request for attorneys' fees must be examined for reasonableness. *Monmouth Meadows Homeowners Ass'n, Inc. v. Hamilton*, 7 A.3d 1, 5 (Md. 2010);

*Myers v. Kayhoe*, 892 A.2d 520, 532 (Md. 2006).  A party requesting attorneys' fees has the burden of "provid[ing] the evidence necessary for the fact finder to evaluate the reasonableness of the fees." *Ulico*, 844 A.2d at 478.  To aid the court's assessment, the party "must provide 'detailed records' that specify 'the services performed, by whom they were performed, the time expended thereon, and the hourly rate charged.'" *Matias Guerra v. Teixeira*, No. TDC-16-0618, 2019 WL 3927323, at *2 (D. Md. Aug. 20, 2019) (quoting *Bel Air Plaza Ltd. P'ship v. Ross Dress for Less, Inc.*, No. CCB-14-2533, 2016 WL 3440191, at *1 (D. Md. June 23, 2016)).  An attorneys' fees award extends no further than "actual fees incurred, regardless of whether the contract provides for a greater amount." *SunTrust Bank v. Goldman*, 29 A.3d 724, 728 (Md. App. Ct. 2011).  "A contractual provision providing for a fee determined by percentage is not *per se* unenforceable, but it must be reasonable and must reflect the actual billing arrangement." *Id.* at 730.

The usual method of determining reasonable attorney's fees involves determining the lodestar amount: "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008).  However, "'the lodestar method is an inappropriate mechanism for calculating fee awards in private, contractual debt-collecting cases.'" *Dominion Fin. Servs., LLC v. Pavlovsky*, 673 F. Supp. 3d 727, 754 (D. Md. 2023) (quoting *Hamilton*, 7 A.3d at 7).  In such a case, courts should consider the factors listed in Maryland Attorneys' Rule of Professional Conduct 19-301.5(a).  *Hamilton*, 7 A.3d at 7-8.

If, however, the request for attorneys' fees does not exceed the lesser of 15% of the principal amount due or $4,500.00, Circuit Court Rule of Civil Procedure 2-704 applies to determine the fee amount, not Rule 19-301.5(a).  Under that rule, a party is

14

only required to submit "(A) a detailed description of the work performed, broken down by hours or factions thereof expended on each task; (B) the amount or rate charged or agreed to in writing by the requesting party and the attorney; and (C) the attorney's customary fee for similar legal services." Md. R. Civ. P. Cir. Ct. 2-704(e)(4). Based on this submission, a court must determine whether the request is "reasonable and does not exceed the amount that the claiming party has agreed to pay that party's attorney." Md. R. Civ. P. Cir. Ct. 2-704(e)(4); *see also* Md. R. Civ. P. Cir. Ct. 2-704(e)(4) committee note ("Subsection (e)(4) is intended to permit the court to excuse the need to consider all of the [Rule 19-301.5(a)] factors[.]"). Courts should also consider "the amount of the fee award in relation to the principal amount in litigation, and . . . in its discretion, any other factor reasonably related to a fair award of attorneys' fees." *Hamilton*, 7 A.3d at 8.

Application of Maryland's factors compels a finding that Plaintiff is entitled to attorneys' fees because Plaintiff demonstrates Defendants' default. The Confessed Judgment Provisions require Defendants, upon default, to pay "attorneys' fees of fifteen percent (15%) of the unpaid balance of the principal amount of [the Loan Documents] and interest then due[,]" ECFs 1-2, at 2; 1-3, at 3, while the Attorneys' Fees Provisions require Cadata, upon default, and Mr. Nguyen, upon Plaintiff hiring an attorney to enforce the Guaranty, to pay "attorneys' fees and all . . . other collection expenses," ECFs 1-2, at 1; 1-3, at 3.

Maryland Rule of Civil Procedure 2-704(e)(4) applies here to determine reasonableness, not Rule of Professional Conduct 19-301.5(a). Plaintiff seeks $2,100.00—an amount below the threshold set in the Confessed Judgment Provisions and Rule 2-704—and this is a case of private, contractual debt collection.

In support of Plaintiff's claim, Ms. Furshman describes the work performed on Plaintiff's case, broken down by hours expended on each task. She spent 6.9 hours on matters related to Plaintiff's case: 2.3 hours on reviewing files and documents in preparing to draft the Complaint, 3.3 hours on drafting the Complaint, 0.5 hours on communicating with Plaintiff, and 0.9 hours on filing. Furshman Aff., at ¶ 6-7. Ms. Furshman states that Plaintiff, in a fee agreement with her law firm, agreed to pay and was charged $2,100 in attorneys' fees "through the filing of the [] Complaint." *Id.* at ¶ 9. Her "standard billable rate for similar legal services ranges from $450.00 to $750.00 an hour." *Id.* at ¶ 8. In this case, dividing the fees charged by hours worked, Ms. Furshman's hourly rate is $304.35. This rate falls within the range of presumptively reasonable hourly rates, under Appendix B of the Local Rules, for attorneys admitted to the bar for fourteen years. Furshman Aff., at ¶ 3; *see* D. Md. Loc. R. Appendix B(3) ("Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-350."); *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 412 (D. Md. 2014) (noting that Appendix B to the Local Rules establishes presumptively reasonable rates for attorneys' fees). Further, Plaintiff's request for $2,100.00 does not exceed the amount that Plaintiff agreed to pay. Therefore, the undersigned recommends awarding Plaintiff $2,100.00 in attorneys' fees.

For the same reasons, Plaintiff is entitled to court costs under the Confessed Judgment Provisions and the Attorneys' Fees Provisions. Plaintiff makes a *prima facie* showing that Defendants are in default and submit evidence it incurred a $405.00 filing fee in this case. Furshman Aff., at ¶ 10. Therefore, the undersigned recommends awarding Plaintiff $405.00 in court costs.

Plaintiff also requests leave to submit a supplemental claim for future attorneys' fees and costs, if any, after the culmination of its collection efforts. ECF 1, at ¶¶ 36, 40.

Where a confessed judgment provides for fees and costs incurred in collection of a confessed judgment, the court "'*should permit* the requesting party to put on evidence of fees that will, *with certainty*, be incurred in addition to those actually incurred at that time.'" *Wells Fargo Bank, Nat'l Ass'n v. Glob. Research Servs., LLC*, No. RWT-13-3785, 2015 WL 302828, at *2 (D. Md. Jan. 22, 2015) (quoting *SunTrust*, 29 A.3d at 406-07 (second emphasis in original)). Therefore, the undersigned recommends permitting Plaintiff leave to supplement its requests for fees and costs, so the Court may consider whether costs not yet known should be awarded pursuant to the parties' agreement.

       *D. The Undersigned recommends the judgment include post-judgment interest.*

In diversity actions involving a state law contract claim, "federal law governs the calculation of post-judgment interest." *Skanska USA Bldg., Inc. v. J.D. Long Masonry, Inc.*, No. SAG-16-933, 2019 WL 4260277, at *11 (D. Md. Sept. 9, 2019) (citing *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999)). "Interest shall be allowed on any money judgment in a civil case recovered in a district court. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961(a). Having recommended monetary judgments as described above, the undersigned recommends awarding Plaintiff post-judgment interest.

**IV.    CONCLUSION**

       For the reasons stated herein, the undersigned recommends the Court ORDER entry of judgment by confession in favor of Plaintiff TD Bank, N.A. and against Defendants The Cadata Corporation and Thai Van Nguyen, jointly and severally, as follows: $83,980.68 in outstanding amount due, which includes $74,661.98 in principal,

$6,011.42 in accrued unpaid interest, and $777.28 in late fees; pre-judgment interest at the rate of $37.33 per day after May 30, 2024 until the entry of judgment; post-judgment interest at the rate provided by law; $2,100.00 in attorneys' fees; $405.00 in court costs; and $25.00 in miscellaneous fees.  The undersigned directs the Clerk, pursuant to Local Rule 108.1(c), to issue notice of this Report and Recommendation to Defendants at the following addresses:

> The Cadata Corporation
> c/o Melinda Duong
> 16410 Archway Court
> Bowie, Maryland 20716
>
> The Cadata Corporation
> 2321 Gold Mine Road
> Brookeville, Maryland 20833
>
> The Cadata Corporation
> 6701 Democracy Boulevard
> Bethesda, Maryland 20817
>
> Thai Van Nguyen
> 2321 Gold Mine Road
> Brookeville, Maryland 20833

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

Date: May 12, 2025

                                                        /S/
                                          Charles D. Austin
                                          United States Magistrate Judge